IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY ARANZA<br>*Plaintiff,* | § § § | |
| V. | § § | CIVIL ACTION NO.: 4:17-CV-01324 |
| JONATHAN CRAIG CUMMINGS AND<br>NEW PRIME, INC. D/B/A PRIME, INC.<br>*Defendants.* | § § § | JURY TRIAL REQUESTED |

## JOINT PRETRIAL ORDER

### Appearance of Counsel

Plaintiff Tammy Aranza:

    Mr. Joshua Estes, State Bar No. 24043651, Fed. Bar No. 637546
    joshuaestes@estespc.net
    Mr. John Cruickshank, State Bar No. 24045730, Fed. Bar No. 910674
    john@cruickshank.attorney
    The Estes Law Firm, P.C.
    281-238-5400

Defendants Jonathan Craig Cummings & New Prime Inc. d/b/a Prime Inc.:

    Mr. Ronald L. Bair, State Bar No. 01554900, Fed. Bar No. 6173
    rbair@bairhilty.com
    Mr. Kenneth A. Scott, State Bar No. 00791629, Fed. Bar No. 18752
    kscott@bairhilty.com
    Bair Hilty, P.C.
    713-862-5599

### Statement of the Case

This case arises out of a motor vehicle accident occurring on or about March 19, 2015 in Rosenberg, Texas. On that date, Plaintiff Tammy Aranza was driving a Chevy Impala, and Defendant Jonathan Craig Cumings was driving a tractor (semi-truck) with no trailer. Liability

and damages are disputed.

## Jurisdiction

Jurisdiction before the District Court is proper on the basis of complete diversity between Plaintiff and Defendants. Plaintiff is a resident of Texas. Neither Defendant is a resident of Texas. The amount in controversy exceeds $75,000.00.

## Motions

Plaintiff has included her Motion in Limine.

Defendants have included a Motion in Limine. Defendants have included a Motion to Extend Attorney Time for Voir Dire.

## Contentions of the Parties

Plaintiff:

Plaintiff contends that Defendant Jonathan Craig Cummings, while operating a tractor unit (also called a "semi-truck") with no trailer attached, in the course and scope of his employment with New Prime, Inc., negligently caused a collision by striking a vehicle being driven by Ms. Tammy Aranza. That collision proximately caused Ms. Aranza to suffer substantial injury, pain and suffering, mental anguish, lost wages, and she incurred medical bills which were reasonable and necessary to her treatment for the injuries sustained.

Defendant:

Defendants contend that they were not negligent, and that Plaintiff was negligent, in that she disregarded the rules of the road, disregarded traffic controls and street markings, disregarded Defendant Jonathan Craig Cummings' signal, and passed to the right of Mr. Cummings in violation of Transportation Code Section Transp Code Sec. 545.057 when Mr. Cummings had the right of way as he was attempting to make a right turn into the parking lot of a laundromat. Defendants contend that Plaintiff's alleged injuries are non-existent or overstated; Plaintiff's current complaints, if any, are related to accidents occurring after the accident in question. Defendants contend that the medical bills are not reasonable and necessary, and that Plaintiff did not sustain pain and suffering or mental anguish, and that her claim for lost wages is minimal and unjustified.

## Admissions of Fact

The parties admit a collision occurred on March 19, 2015, in Rosenberg, Texas.

## Contested Issues of Fact

The main contested issue of fact is whom was at fault for the collision, whether either party acted negligently, and if more than one party was negligent, in what percentages did the parties' negligence proximately cause the collision.  A second contested issue of fact is whether the plaintiff's medical treatments were caused by the collision, and whether the charges for medical care were reasonable and necessary.  The third contested issue of fact is the appropriate amount of money damages, if any, to award plaintiff to compensate her for the collision. A fourth contested issue of fact is whether Defendant Mr. Cummings was in compliance with the hours of service requirements as outlined by the Federal Motor Carrier Safety Administration.

### Agreed Applicable Propositions of Law

It is not in dispute that Mr. Cummings was operating his vehicle in the course and scope of his employment with New Prime, Inc. It is not in dispute that Mr. Cummings is engaged in interstate commerce and is subject to the hours of service requirements as outlined by the Federal Motor Carrier Safety Administration.

It is not in dispute that Plaintiff's medical bills have been filed pursuant to Texas Civil Practice & Remedies Code §18.001 and that such filing makes "a *prima facie* showing of the necessity and reasonableness of sums incurred for past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c); *Cardner v. Home Depot U.S.A., Inc.*, 2006 U.S. Dist. LEXIS 25283 (E.D. Tex. May 2, 2006); *Rahimi v. United States*, 474 F. Supp. 2d 825, 2006 U.S. Dist. LEXIS 91882 (N.D. Tex. 2006), See, also, *Cruzata v. Wal-Mart Stores Tex., LLC*, 2015 U.S. Dist. LEXIS 57270 (W.D. Tex. May 1, 2015)(holding section 18.001 applies, thereby making the contested affidavits competent to create a fact issue on medical expenses.

### Contested Issues of Law

It is in dispute whether Defendants can dispute the  reasonableness of the medical bills and the necessity of treatment since no counter-affidavits were filed by Defendants' and Defendants' have already represented to Plaintiffs' that their medical bills were properly filed pursuant to Texas Civil Practice & Remedies Code Section 18.001 and such statute is applicable and in effect.

### Exhibits

The parties may offer all or part of the following as exhibits.  In identifying these exhibits, the parties do not stipulate that they will offer these exhibits, and do not waive an objection to the admissibility of any exhibit or testimony.

**Plaintiff's Exhibits**

(1) Photographs of the collision, the vehicles involved, and the scene of the collision.
(2) Google Maps evidence showing the locations of relevant incidents and street views.
(3) The medical records of Tammy Aranza from Adobe Surgery Center, Elite Health Services, Fort Bend Chiropractic & Wellness, and Regional Specialty Clinic.
(4) Wage records of Tammy Aranza for Jack-in-the-Box Restaurants

- (5) Defendant's Vehicle history position listing.
- (6) Driver Logs of Jonathan Craig Cummings.
- (7) Texas Commercial Motor Vehicle Driver's Handbook
- (8) Model Commercial Motor Vehicle Driver's Handbook
- (9) Federal Motor Carrier Safety Administration Interstate Truck Driver's Guide to Hours of Service
- (10) New Prime, Inc. Safety Procedures ("What to do after an accident")
- (11) Deposition excepts from the deposition of Jonathan Craig Cummings.
- (12) Driving record of Jonathan Craig Cummings.

**Defendants' Exhibits**

- (1) Accident report – 03.19.15
- (2) Accident report – 10.29.15
- (3) Accident report – 03.01.16
- (4) Certified Driver Abstract – Tammy Aranza
- (5) Driver Qualification File – Selected Records
- (6) Pictures – Bates No. PRIME460-PRIME466
- (7) Computer Logs, Audits, Vehicle Position History

### Witnesses

The parties may offer some or all of the following persons as witnesses at trial. In identifying these witnesses, the parties do not stipulate that they will present each of these witnesses, and do not waive an objection to the testimony of any such witness.

- (1) Plaintiff Tammy Aranza, 4619 Cedar Rd., Rosenberg, Texas, 77471. Ms. Aranza will discuss her observations and perceptions during and immediately after the collision. She will also describe her injuries, pain and suffering, mental anguish, lost wages, and subsequent reasonable and necessary medical treatment.

- (2) Hong Fu, 9330 Mineral Rock Lane, Richmond, Texas, 77407. Owner of the washateria. Ms. Fu will testify that she did not have an area for tractors to park at the Wash-A-Teria and that tractors did not park in her lot.

- (3) Defendant Jonathan Craig Cummings c/o Bair Hilty, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068. Mr. Cummings will describe his driving activities prior to, during, and subsequent to the collision with Ms. Aranza.

- (4) Dr. Bobby Pervez, Regional Specialty Clinic, 1141 Highway 6, Ste. 100, Sugar Land, Texas 77478. Dr. Pervez will discuss the plaintiffs' injuries, causation, and subsequent reasonable and necessary medical treatment.

- (5) Edward Scott Glen, c/o Bair Hilty, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068. Mr. Glen will testify to what he observed prior to, during, and subsequent to the collision

with Ms. Aranza.

(6) Steve Field, Safety Director, Prime, Inc. c/o Bair Hilty, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068. Mr. Field may testify regarding screening, hiring, retaining, training, management, review, and supervision of employees; he may testify regarding policies, procedures, rules and regulations, as well as safety.

## Settlement

Settlement has not been fruitful to this point.  Plaintiff's last demand was $64,000.  Defendants' have never made an offer.

## Additional Required Attachments

Plaintiff has submitted a proposed jury questionnaire and proposed voir dire topics.   Defendant has submitted proposed voir dire topics.  In the event the Court allows a jury questionnaire, Defendants request the opportunity to include additional questions in the questionnaire.

Plaintiff has included a proposed Jury Charge.  Defendants reserve the right to object to the proposed jury charge, including questions and instructions.  Defendants reserve the right to offer instructions, corrections or charges to the extent required.

_____                                                                              _____
Date                                                                                                        Judge Andrew S. Hanen


APPROVAL:

_/s/  Joshua Estes

                                         /s/ Ken Scott with permission
Counsel for Plaintiff(s)                                    Counsel for Defendant(s)